UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| LISA COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>CONCEPT SOLUTIONS, LLC,<br><br>Defendant. | ) | Civil Action No. 1:10-cv-1135 (AJT/TRJ) |

**MEMORANDUM OPINION**

This employment discrimination case is before the Court on Defendant Concept Solutions, LLC's ("Defendant") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the Defendant contends that Plaintiff Lisa Collins ("Plaintiff") failed to file her complaint within 90 days of Equal Employment Opportunity Commission's ("EEOC") issuance of a notice of a right to sue ("NRTS") as required by 42 U.S.C. § 2000e-5(f)(1) and is thus time-barred. Plaintiff concedes that the complaint was filed out of time, but maintains that the Court should deem the complaint timely under the doctrine of equitable tolling. For the reasons stated below, the Court will GRANT Defendant's motion and DISMISS the complaint.

## I. Background

The facts as they appear in the complaint and the record before the Court are as follow:

In September 2006, Plaintiff began working for the Defendant as a receptionist/administrative assistant. On or about January 5, 2007, she advised Defendant

that she was pregnant. On January 29, 2007, Defendant terminated her employment. On January 30, 2007, Plaintiff filed a charge with the EEOC against Defendant alleging that her termination violated the Pregnancy Discrimination Act ("PDA"). 42 U.S.C. § 2000e(k).[1]

In April 2007, Plaintiff engaged attorney Victor M. Glasberg ("Glasberg") to represent her in this case. On August 1, 2007, Glasberg advised the EEOC in writing that he represented Plaintiff and the EEOC subsequently copied Glasberg on all communications to the Plaintiff. Def. Ex. 1, Doc. No. 16-2.

At some point before June 30, 2009, Plaintiff changed addresses but did not provide the EEOC with her new mailing address. On June 30, 2009, the EEOC dismissed Plaintiff's charge and mailed a Notice of Right to Sue ("NRTS") to Plaintiff. The NRTS sent to Plaintiff was returned as undeliverable to the EEOC presumably because it had the incorrect address. Def. Ex. 1, Doc. No. 16-2. The NRTS also indicated that Glasberg and Defendant's counsel were copied on the NRTS. According to his sworn declaration, however, Glasberg never received it. Also on June 30, 2009, Joan Yarbrough-Martino ("Yarbrough-Martino"), the EEOC investigator assigned to Plaintiff's case, e-mailed Glasberg to inform him that she was "recommending dismissal and issuance of NRTS."

[1] The PDA is codified as part of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k). It states in relevant part:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes...

A claim for discrimination on the basis of pregnancy must be analyzed in same manner as any other sex discrimination claim brought pursuant to Title VII. *DeJarnette v. Corning Inc.*, 133 F.3d 293, 297 (4th Cir. 1998).

Def. Ex. 1, Doc. No. 16-2. At the hearing on Mar. 18, 2011, Glasberg represented to the Court that he has diligently reviewed his e-mail correspondence from this time period and he never received this e-mail.

Glasberg or his staff stayed in touch with the EEOC via phone and e-mail through at least October 2009 but were not informed of the NRTS. *See* Pl. Ex. 1, Doc. No. 16 (copies of e-mails from Glasberg's office to Yarbrough-Martino dated Feb. 2, 2009 and Oct. 15, 2009 inquiring on the status of the case without a response). From his years of practice, Glasberg knew that the Washington Field Office of the EEOC had a long backlog and he did not want to "antagonize the investigator working on [his] client's claim by complaining or pushing" for a resolution. Decl. of Victor M. Glasberg ¶ 5 ("Glasberg Decl."), Mar. 10. 2011, Doc. No. 12.

On October 26, 2009, Plaintiff called the EEOC to inquire about the status of her case. Yarbrough-Martino informed Plaintiff via telephone that the NRTS was issued and sent to Plaintiff on June 30, 2009 and returned as undeliverable. Plaintiff informed Yarbrough-Martino of her updated address and the NRTS was "remailed" to Plaintiff. Def. Ex. 1, Doc. No. 16-2. This second mailing of the NRTS was also returned as undeliverable on November 10, 2009 because the address numbers were mistakenly transposed. To correct for this mistake, on November 19, 2009, the EEOC "[r]esent [the] NRTS to correct address." Def. Ex. 1, Doc No. 16-2. The EEOC's file does not indicate that this third mailing of the NRTS was returned as undeliverable, and the record before the Court does not affirmatively indicate whether or not the Plaintiff actually received the NRTS mailed on November 19, 2009. *See* Def. Ex. 1, Doc. No. 16-2.

In any event, after learning on October 26, 2009, that the NRTS was issued on June 30, 2009, plaintiff mistakenly assumed that Glasberg received the NRTS, because he had received prior communications from the EEOC, and Glasberg did not contact Plaintiff because he became disenchanted with the case and closed the file. Glasberg Decl. ¶ 8. Plaintiff did not contact Glasberg.

By July 2010, Glasberg still had no knowledge that the NRTS was issued on June 30, 2009, and he had not received a copy of the NRTS in the mail, although it is EEOC procedure that counsel are sent copies of the NRTS. Glasberg asked his law clerk to call Plaintiff to inquire whether Plaintiff had heard anything from the EEOC. Glasberg Decl. ¶ 6. Plaintiff advised the law clerk about her October 26, 2009 phone call to the EEOC at which time the EEOC advised Plaintiff that the NRTS was issued on June 30, 2009.

Upon learning that the Plaintiff had been told that the NRTS had been issued, Glasberg immediately contacted Yarbrough-Martino. On July 14, 2010, Glasberg spoke with Yarbrough-Martino by telephone. On the same day, Yarbrough-Martino advised Glasberg by e-mail and letter that the EEOC originally sent the dismissal and NRTS on July 1, 2009[2] and again on October 26, 2009 and both were returned as undeliverable. She noted that although Glasberg was copied "it is possible that you were not actually mailed a copy." Exhibits A & B to Glasberg Decl.

On August 12, 2010, Glasberg sent a letter to Yarbrough-Martino requesting that Plaintiff's case be reopened for the purpose of reissuing a right-to-sue letter. On September 16, 2010, the Acting Deputy Director, Cheryl Mabry-Thomas ("Mabry-Thomas"), wrote Glasberg back stating the following:

[2] There appears to be a discrepancy regarding whether the first notice was sent on June 30, 2009 or July 1, 2009. This issue of fact is not material to the Court's adjudication.

> I can only surmise that since you did not receive a copy [of the NRTS], a member of our support staff who is no longer employed with the EEOC, neglected to send you a copy. Our sincerest regrets and apologies for this mistake. However, Investigator Joan Yarbrough-Martino sent you a copy of the Notice on July 14, 2010. Apparently, two attempts to send your client the Notice have failed. You now have 90 days from receipt of the Notice to file a lawsuit. As a matter of regulation and policy, the EEOC does not rescind such Notices after the initial 90 days of issuance. However, your client's right to file a lawsuit is preserved in this matter because the 90 days from receipt [July 14, 2010] is controlling.

Exhibit D to Glasberg Decl (emphasis in original).

On October 8, 2010, Plaintiff filed the complaint in this case.[3] The summons was served on Defendant on February 3, 2011. On February 24, 2011, Defendant filed its pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's complaint is time-barred.[4]

## II. Analysis

To assert an employment discrimination claim, a plaintiff must file suit within 90 days of receipt of a notice of a right-to-sue ("NRTS") letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Fourth Circuit rejects the "actual receipt" rule that holds that the statutory period does not begin to run until the claimant actually received the NRTS. Rather, when the date of actual delivery is unknown, courts presume receipt to occur within three days of mailing. *See e.g., Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630 (Table), at 3 (4th Cir. 1999) (finding that when the actual day of delivery is unknown, it is presumed that service by regular mail is received within three days pursuant to Rule

---

[3] Plaintiff filed the complaint six days before the expiration of the 90 day period if the period began to run as of July 14, 2010.

[4] Defendant properly invokes Rule 12(b)(6) because the 90 day limitations period is not jurisdictional, but is rather in the nature of a statute of limitations, which are appropriately challenged under Rule 12(b)(6). *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093-94 (4th Cir. 1982).

6(e) of the Federal Rules of Civil Procedure).[5] The strictness of the presumption is tempered by the doctrine of equitable tolling, which is to be considered and, if applicable, applied based on the specific facts and circumstances of a particular case. *See Harvey v. City of New Bern Police Dep't.*, 813 F.2d 652, 653-54 (4th Cir. 1987). Equitable tolling, however, is a demanding doctrine, "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted). In order to demonstrate entitlement to equitable tolling, the Plaintiff must "present (1) extraordinary circumstances, (2) beyond [her] control or external to [her] own conduct, (3) that prevented [her] from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted). The parties do not dispute that Plaintiff's complaint is untimely.[6] Accordingly, the only issue before the Court is whether Plaintiff is entitled to equitable tolling.

Plaintiff argues that because the EEOC failed to send the NRTS to her attorney, equitable tolling is proper because she reasonably relied on the EEOC to communicate with her attorney. Defendant argues that equitable tolling is inappropriate because Plaintiff failed to update her address with the EEOC and when, on October 26, 2009, she learned that the NRTS was issued on June 30, 2009, she failed to act with due diligence in pursuing her case. Specifically, Defendant contends that Plaintiff's failure to contact

---

[5] In the 2010 Revised Edition of the Rules of Civil Procedure, the Rule appears as Rule 5(d).

[6] Plaintiff does not argue that her right to sue was preserved because the EEOC reissued a NRTS on July 14, 2010.

her attorney, act diligently to obtain a copy of the NRTS from the EEOC, file a law suit or act in any way to preserve her rights makes tolling inappropriate.

As an initial matter, Plaintiff is not entitled to equitable tolling simply on the grounds that she never received the NRTS. Rather, courts have adopted the general, unforgiving principle that if a plaintiff fails to notify the EEOC of an address change, as required under EEOC regulations,[7] and such failure results in a lack of actual notice of a right to sue, equitable tolling does not apply. *See Harper v. Burgess*, 701 F.2d 29, 30 (4th Cir. 1983) (finding no equitable tolling grounds to toll the 90-day filing period where the plaintiff failed to notify the EEOC of an address change and did not personally receive the right to sue letter).

Plaintiff contends that for the reasons set forth in the Fourth Circuit's unpublished opinion in *Coleman v. Talbot County Detention Center*, her failure to provide the EEOC with an updated address is excused for the purposes of the equitable tolling doctrine because, in violation of its own regulations, the EEOC failed to send the NRTS to her counsel who she reasonably assumed received the notice. 242 F. App'x. 72, 73 (4th Cir. 2007). In *Coleman*, the plaintiff did not notify the EEOC of her change of address and therefore never received the right-to-sue letter. *Coleman*, 424 F. App'x. at 73. The EEOC also failed to mail a copy of the right-to-sue letter to her counsel. *Id.* The Fourth Circuit held that plaintiff was entitled to equitable tolling because "it is not unreasonable for a layperson who has retained counsel to assume that all further matter will be handled

[7] *See* 29 C.F.R. § 1601.7(b) ("The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change of address ... from the current address so that he or she can be located when necessary during the Commission's consideration of the charge").

by her attorney... the primary fault is that of the EEOC for not... sending a copy of the right-to-sue letter to counsel." *Id.* at 74.

*Coleman* is distinguishable from this case. In this case, unlike in *Coleman*, Plaintiff had actual knowledge on October 26, 2009 that the EEOC had issued the NRTS and with that knowledge did nothing to advance her claim for approximately nine months until her attorney learned of the issuance of the NRTS in July 2010. Although the EEOC should have sent a copy of the NRTS to Plaintiff's counsel, the Court cannot overlook Plaintiff's actual knowledge, as of October 26, 2009, that the NRTS issued on June 30, 2009. It is thus Plaintiff's knowledge and conduct, and not that of her attorney that must be considered in assessing whether the 90 day filing requirement was tolled.

"[C]ourts have sensibly concluded that the 90 day period begins to run on the date the EEOC's notice is delivered *either* to the claimant or to the attorney." *Griffin v. Prince William Hospital Corp.*, 716 F. Supp. 919, 920 (E.D. Va. 1989) (emphasis added). In *Griffin*, plaintiff never picked up his copy of the right-to-sue letter he knew had been sent by the EEOC to his post office box and it was returned as unclaimed; the EEOC also sent a copy of the letter to plaintiff's counsel, but it was misdirected, and counsel's receipt was thereby delayed. Plaintiff filed suit within 90 days of counsel's receipt of the letter, but not within the 90 day period calculated based on the mailing to the plaintiff. *Id.* The court held that because the 90 day period began to run from the earlier date of when notice was sent to the plaintiff, the claim was time-barred. As in *Griffin*, the proper focus in this case is on Plaintiff's knowledge that the EEOC had issued the NRTS.

Further, the fact that Plaintiff learned of the NRTS by telephone and did not actually receive a copy in the mail does not excuse plaintiff's inaction. The Fourth

Circuit has rejected "actual receipt" as the operative event on the reasoning that an actual receipt requirement would allow plaintiffs "open-ended time extension, subject to manipulation at will." *Harvey*, 813 F.2d at 654; *see also Watts-Means v. Prince George's Family Crisis Ct.*, 7 F.3d 40 (4th Cir. 1993) (finding limitations period triggered when claimant received notice that she *could* pick up her letter at the post office, not when she actually received the notice); *Harper*, 701 F.2d at 30 (finding no equitable tolling where plaintiff failed to notify the EEOC of an address change and did not personally receive the right to sue letter); *Griffin*, 716 F. Supp. at 921-22 (finding that the EEOC mailed the right-to-sue letter to plaintiff at his address of record and that was enough to trigger the 90 day period although the actual notice of a right to sue was returned as unclaimed and her attorney received notice only several weeks later). The same reasoning dictates the result in this case since to hold otherwise would give the Plaintiff the same opportunity to manipulate at will the timing requirements prescribed by Congress.

In summary, Plaintiff failed to act with an appropriate level of diligence in pursuing her claim. From October 26, 2009 until her counsel learned of the NRTS in July 2010, Plaintiff effectively abandoned her claim. Unlike in *Coleman*, the "primary fault" for this delay lies with the Plaintiff and requires this Court to find that equitable tolling in not appropriate. "One who fails to act diligently cannot invoke equitable principles to excuse lack of diligence. *Aziz v. Orbital Scis. Corp.*, No. 98-1281, 1998 WL 736469, at *1 (4th Cir. Oct. 19, 1998) (citing *Hallstrom v. Tillamook County*, 493 U.S. 20, 27 (1989)).

## III. Conclusion

For the above reasons, the Court concludes that plaintiff failed to timely file timely her complaint and her delay is not subject to equitable tolling. The Court will therefore GRANT Defendant's Motion to Dismiss.

An appropriate order will issue.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 25, 2011